**KLAMATH TRIBES OF OREGON; Joseph Hobbs; Robert Anderson; Joseph Kirk; Orin Kirk; Leonard Norris, Jr.; Phillip Tupper; Robert Bojorcas; Klamath Claims Committee; Catherine Weiser–Gonzalez; Miller Anderson, Plaintiffs—Appellants,**

v.

**PACIFICCORP, Defendant—Appellee.**

No. 05–36010.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed Feb. 28, 2008.

Daniel H. Israel, Boulder, CO, for Plaintiffs–Appellants.

Charles G. Curtis, Jr., Heller Ehrman LLP, Madison, WI, Joseph H. Fagan, Heller Ehrman, LLP, Washington, DC, Michael Mirande, Miller Bateman LLP, Seattle, WA, for Defendant–Appellee.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

### MEMORANDUM *

The Klamath Tribes of Oregon, the Klamath Claims Committee, and individual members of the Klamath Tribe (collectively the "Tribe") appeal from the district court's grant of summary judgment in favor of PacificCorp. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The Tribe's cause of action for damages is foreclosed by our prior decision in *Skokomish Indian Tribe v. United States,* 410 F.3d 506 (9th Cir.2005) (en banc).

AFFIRMED.

PAEZ, Circuit Judge, concurring:

For the reasons explained by Judge Berzon in her dissent on the treaty-based damages claim at issue in *Skokomish Indian Tribe v. United States,* 410 F.3d 506, 522 (9th Cir.2005) (en banc), I continue to believe that case was wrongly decided. The majority opinion, however, is the law of the circuit, and I am obligated to follow it.

In light of the majority's reasoning in *Skokomish,* I am not persuaded by Appellants' argument that, because the treaty right at issue here is different, *Skokomish* should not control the outcome of this case. There, the Skokomish Indian Tribe sought to maintain an action for damages against the City of Tacoma and Tacoma Public Utilities for a violation of a provision in the Treaty of Point No Point, Jan. 26, 1855, 12 Stat. 933, that secured to the Tribe "the right of taking fish at usual and accustomed grounds and stations ... in common with all citizens of the United States." *Id.,* art. 4. The *Skokomish* majority affirmed dismissal of the Tribe's claim, holding that it could find "no basis for implying the right of action for damages that the Tribe seeks to assert." 410 F.3d at 514. In so holding, the majority emphasized that the City and Tacoma Public Utilities were not contracting parties to the Treaty, and that there was not "anything in the language of the Treaty that would support a claim for damages against a non-contracting party." *Id.* at 513.

Here, Appellants seek to maintain an action for damages against PacificCorp for violating a provision in the Treaty with the Klamath, etc., 1864, 16 Stat. 707 (Klamath Treaty), that secured to the Klamath Tribe "the exclusive right of taking fish in the streams and lakes, included in said reservation...." *Id.,* art 1. Although this Treaty provision secures to the Klamath exclusive on-reservation fishing rights, it is not so qualitatively different from the off-reservation fishing rights secured to the Skokomish Tribe that we are free to depart from the majority's holding in *Skokomish.* Further, as in *Skokomish,* there is no language in the Klamath Treaty that would support a claim for damages against a non-contracting private party. I therefore conclude that Appellants' claim for damages is foreclosed by *Skokomish.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.